FRANCIS A. BLACKMAR v. CLARK CORNWELL.

*Accounts—Credits.*

A corporation gave sundry notes to a firm, both supposing that the corporation was indebted to the firm. The firm indorsed the notes, and negotiated them to strangers. The corporation made an assignment, and as it failed to pay the notes at maturity, the firm took them up. *Held*, that in an adjustment of accounts between the firm and corporation these notes should have been credited to the firm, leaving the accounts standing as if the notes had not been made. They were not proper charges against the firm until paid by the corporation.

Error to Wayne. (Full Court.)   Oct. 29.—Nov. 4.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Cutcheon, Crane & Stellwagen* for appellant.

*George Gartner* and *Henry M. Campbell* for appellee.

MORSE, C. J.   On the 9th day of November, 1882, the defendant executed and delivered to the plaintiff an agreement, of which the following is a copy :

" I have this day received of F. A. Blackmar a note signed by himself and John B. Price, constituting the firm of F. A. Blackmar & Co., for the sum of $20,000, which note is secured by a mortgage, and is payable to the order of Cornelius Cornwell.   I agree to take said note and mortgage, and obtain from Cornelius Cornwell the sum of fifteen thousand dollars, and his receipt for five thousand dollars, as payment on such note, and when obtained I am to pay Cornwell, Price & Co. the amount due them of F. A. Blackmar, and of the firm of F. A. Blackmar & Co., on adjustment of accounts as shown on the books of Cornwell, Price & Co. and said F. A. Blackmar and F. A. Blackmar & Co.; the balance of said fifteen thousand dollars, after such payments, is by me to be paid to said F. A. Blackmar ; also said receipt is to be handed to said Blackmar.   Should said sum of money not be by me obtained on said note and mortgage within ten days, the same are to be returned to said F. A. Blackmar.

                                        CLARK CORNWELL.

*Dated Detroit, November 9, 1882.*"

The defendant received the $15,000, and with the plaintiff set about the adjustment of the accounts mentioned in the agreement. After working at the books a short time, a disagreement arose between them, and they proceeded no further with the matter. On the 17th day of November, in the same year, the defendant paid the whole sum of $15,000 over to Cornwell, Price & Co., who credited $3000 of the same to F. A. Blackmar & Co., and the balance ($12,000) to F. A. Blackmar. Not long after, the plaintiff asked defendant why he did not pay the money over to Cornwell, Price & Co., and pay the balance to plaintiff after these accounts were paid. Defendant replied that he had already paid the whole sum to them, and that there was nothing coming to plaintiff. November 27th, 1882, Cornwell, Price & Co. made a common-law assignment of all their property for the benefit of their creditors; Cornwell, Price & Co. being the corporate name of a corporation duly organized under the laws of this State. December 14th, 1882, the plaintiff commenced this action in assumpsit against the defendant by summons, and afterwards declaring on the common counts for $15,000, and filing a bill of particulars which defined the plaintiff's cause of action to be for moneys received by defendant of Cornelius Cornwell for the use and benefit of plaintiff, and interest thereon. Defendant pleaded the general issue. The case involved a long accounting, and was, by consent, referred to a referee. The referee made and reported his finding of facts in the case, and also his conclusions of law upon the same. Exceptions were taken to his findings of law, and sustained in part by the circuit judge, who entered a judgment for plaintiff of $3988. The defendant brings error.

The only matter in controversy between the parties affected by the action of the circuit judge, or really in dispute between them, regards the disposition of ten promissory notes, amounting to $6718.86, in the accounting between them. These notes were given under the following circumstances as found by the referee. They were given by Cornwell, Price, & Co. to F. A. Blackmar & Co. under the supposition, at the date of each, that the corporation was indebted to F. A.

Blackmar & Co., and received under the same idea. When so given and received it was intended by all parties that the notes should be charged against F. A. Blackmar & Co. on the books of the corporation, and that, as each became due, it should be paid by Cornwell, Price & Co. The notes were so charged upon the books before the payment of the $15,000 by the defendant to Cornwell, Price & Co. The notes were indorsed by F. A. Blackmar & Co. after receiving them, and negotiated to third persons, who held them at the time of the assignment. The corporation failing to pay them as agreed at maturity, the plaintiff took them up, paying the face of them, except in the case of six of them, upon which he paid the face of the notes, less the dividend paid by the assignee of the corporation to the holders, said dividends amounting in all to $1533.84. The plaintiff claimed before the referee that as these notes were charged against F. A. Blackmar & Co. upon the books of Cornwell, Price & Co., and Cornwell, Price & Co. had not paid them at maturity, and his firm had to take them up, and received no benefit from them in the accounting, they should be also credited to F. A. Blackmar & Co., leaving the accounts standing as if the notes had never been made. The referee refused to do this, and found, as a conclusion of law, that there was nothing due the plaintiff. The circuit judge, upon hearing the exceptions, took a different view, and allowed the credit of these notes to plaintiff.

There was another note of $620.51 given and received under the same circumstances as the ten which plaintiff also claimed should have been credited, which was not allowed by the referee. It is not clear from the record, except the amount of judgment, what action the circuit judge took in relation to this note, but we see no reason why it should not have been credited to plaintiff with the others.

It is claimed by counsel for defendant that plaintiff could not be credited with these notes in this action because he did not take any of them up until after commencement of suit ; but it must be remembered that these notes were not proper charges against F. A. Blackmar & Co. until paid by Cornwell, Price & Co. ; that plaintiff, when attempting to adjust

the accounts on the books with defendant, insisted that his firm should not be charged with them; that whether the notes were still, at the time this agreement was made, in the hands of F. A. Blackmar & Co., or had been negotiated by them as indorsers, to allow them to stand charged in favor of Cornwell, Price & Co., without a corresponding credit to F. A. Blackmar & Co., would be simply putting the amount of them into the pocket of the corporation without any benefit to Blackmar & Co., which was not evidently the intention of any of the parties when they were issued by the corporation and received by plaintiff's firm.

The referee found the whole credits of Cornwell, Price & Co. against F. A. Blackmar and F. A. Blackmar & Co. to be the sum of    $95,576 26

The charges of Blackmar and Blackmar & Co. allowed by him against Cornwell, P. & Co.,    76,587 96

Leaving balance due C., P. & Co.,  -    $18,991 30
Applying the   -   -   -   -    15,000 00

Left still a debt of   -   -   -    $3,991 30

The circuit judge found a balance in favor of the plaintiff of $3,348.07, and adding interest from November 19, 1882, to date of judgment, August 11th, 1885, made the sum of $3988.

It is evident from this finding that he allowed the plaintiff, in addition to the ten notes, the note of $620.51 heretofore spoken of, as follows:

Cornwell, Price & Co. credits,  -   -    $95,576 26
Blackmar, and F. A. B. & Co.,   -   -    76,587 96

Balance,  -   -   -   -    $18,991 30
Deduct ten notes,  -   -   -   -    6,718 86

Balance,  -   -   -   -    $12,272 44
Deduct note,  -   -   -   -    620 51

$11,651 93
Credit F. A. B., -   -   -   -    15,000 00

Balance in favor plaintiff,   -   -    $3,348 07

We think this correct under the finding of facts by the referee, excepting that inasmuch as the plaintiff has had the benefit of the dividends paid upon six of these notes by the assignee of Cornwell, Price & Co., the defendant should be allowed a credit of the amount of the same, to wit, $1533.84, leaving to plaintiff the sum of $1814.23, with interest from November 19, 1882, to date.

Judgment will therefore be entered in this Court in favor of the plaintiff, and against the defendant, for the sum of two thousand one hundred and eighty-nine dollars and ninety-one cents ($2189.91), with costs of the court below to plaintiff, and costs of this Court to defendant.

The other Justices concurred.